UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-00331-WYD-KMT

ELIZABETH HUMPHREYS,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

**AMENDED ORDER AFFIRMING AND ADOPTING
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

    This matter is before the Court on Defendant's Motion to Enforce Settlement and Brief in Support. This motion was referred to Magistrate Judge Tafoya for a recommendation by Order of Reference dated February 22, 2008, and Memorandum of January 13, 2009.

    On April 16, 2009, Magistrate Judge Tafoya issued a Recommendation of United States Magistrate Judge which is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1. Magistrate Judge Tafoya recommends therein that Defendant's Motion to Enforce Settlement be granted and that this case be dismissed with prejudice pursuant to the settlement. *See* Recommendation at 11.

    Magistrate Judge Tafoya advised the parties that written objections were due within ten (10) days after service of a copy of the Recommendation. *Id.* at 12.  In my

Order of May, 2009, I stated incorrectly that no objections were filed by any party to the Magistrate Judge's Recommendation.  I have now learned that Plaintiff tendered a letter to the Court which she may have meant to be treated as objections, but the letter was not filed with the Court.  Once this error was discovered, the letter was filed with the Court on May 12, 2009 *nunc pro tunc* to April 24, 2009.  Plaintiff then filed another letter on May 15, 2009.

I will treat both of Plaintiff's letters as objections to the Recommendation, and address them both even though the May 15 letter was not filed in a timely manner.  Further, I have issued this Amended Order so that the objections can be properly analyzed.  Because the Recommendation dismisses the case based on enforcement of a settlement agreement, I will treat the nature of the review as dispositive and review the specified findings or recommendations to which objection is made on a de novo basis.  FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

Plaintiff's objections assert that while she requested her attorneys to settle the case as soon as possible, she did not agree to the $5000 that was offered by her attorney to State Farm.  Further, she asserts that her attorneys implied to her that the offer was from State Farm when in fact it was her counsel that made the offer of $5000 to State Farm without consulting her.  She further asserts, among other things, that State Farm's claim that she is 50 to 60% responsible for the accident is not valid.  She received no citation from the Denver Police and Mr. Romero, the driver of the vehicle that hit her vehicle, was speeding and made no attempt to stop or swerve before the accident.  In her second letter, Plaintiff states that she told her attorney to get more than

was she was being told to settle for, and that she never agreed to $5,000.00. Further, she asserts that she is now being sued by another person who has coverage with State Farm.

Having reviewed the Recommendation and the objections, I still agree with Magistrate Judge Tafoya that the settlement should be enforced and this case dismissed. Magistrate Judge Tafoya does a thorough analysis of the law regarding settlements, which she correctly notes is governed by contract law. I agree with Magistrate Judge Tafoya that the settlement in this case appears to be valid since Plaintiff gave her attorney authority to settle for any amount over $1000.00, and he settled the case for $5,000.

While Plaintiff references the tape that was played in open court as supporting her position, she does not specifically dispute Magistrate Judge Tafoya's finding that Plaintiff authorized her attorney to settle the case in that phone call. Further, according to Magistrate Judge Tafoya who heard the tape in open court, the only limitation that Plaintiff stated as to settlement was that her counsel not settle for $1000.00. Accordingly, it appears that defense counsel had the authority to settle for $5000.00. Further, the fact that Plaintiff's counsel made the $5000.00 offer to State Farm or the fact that Plaintiff may not be at fault for the accident does not impact this analysis, since Plaintiff gave her attorney authority to settle the case for anything but $1000.00.

I further agree with Magistrate Judge Tafoya that the fact Plaintiff later changed her mind about the settlement or is now dissatisfied with it does not constitute grounds to vacate the settlement. In keeping with the strong public policy favoring resolution of a

case rather than continued litigation, as noted in the Recommendation, I find that the settlement should be enforced in accord with the findings in the Recommendation.

Accordingly, it is

ORDERED that Plaintiff's Objections to the Recommendation (Doc. # 60 and 62) are **OVERRULED.** It is

FURTHER ORDERED that the Recommendation of United States Magistrate Judge dated April 16, 2009 (doc. # 57) is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Defendant's Motion to Enforce Settlement (Doc. # 34) is **GRANTED** and the parties are directed to comply with the terms of the settlement. It is

FURTHER ORDERED that this case is **DISMISSED WITH PREJUDICE**. It is

FURTHER ORDERED that while the substance of the Judgment that was issued on May 11, 2009 remains the same, an Amended Judgment shall be prepared to reflect the entry of this Amended Order.

Dated: June 1, 2009

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Chief United States District Judge